COMMONWEALTH OF KENTUCKY
DAVIESS CIRCUIT COURT
DIVISION 1
ACTION NO: 10-CI-1759

FILED
APR 02 2014
SUSAN W. TIERNEY, CLERK
BY: _____ D.C.

KEVIN LEE PERRY, Individually, and as
Administrator of the Estate of MADONNA G. PERRY, Deceased
And
████████████ minor, by his father and next friend,
KEVIN LEE PERRY
And
ANDREA SMITH BUTLER                                      PLAINTIFFS

v.

OWENSBORO HEALTH, INC.,                                  DEFENDANT
F/K/A OWENSBORO MEDICAL HEALTH SYSTEM, INC.

## THIRD AMENDED COMPLAINT

\*\* \*\* \*\* \*\* \*\*

Comes now Kevin Lee Perry, individually and as Administrator of the Estate of Madonna G. Perry, Deceased, ████████████ minor, by father and next friend Kevin Lee Perry, and Andrea Smith Butler and in accordance with Ky. R. Civ. P. 15.01 file this Third Amended Complaint setting forth their claims for relief herein. This amended complaint does not include allegations against prior defendants, Charles F. Hobelmann III, MD; David A. Dwyer, MD; Emergency Physicians Group, PSC; Thomas E. Sonnanstine, IV MD; and Central Kentucky Advanced Surgery & Medicine, PSC as such matters have been settled. Against the remaining defendant, Plaintiff in this matter states as follows:

EXHIBIT
A

### COUNT I

#### Parties, Jurisdiction and Venue

1. By order of the Ohio County District Court, Probate Division, entered on November 13, 2009, Kevin Lee Perry, ("Kevin") is the duly appointed Administrator of

the Estate of Madonna G. Perry, Deceased ("Madonna"), who died on November 7, 2009.

2. Kevin and Madonna at all times relevant herein resided in Beaver Dam, Ohio County, Kentucky.

3. ███████ minor, '██████ at all times relevant herein resided in Beaver Dam, Ohio County, Kentucky. ██████ is the son of Kevin Perry and the late Madonna Perry.

4. Andrea Smith Butler, minor, "Andrea" who married on February 9, 2010, prior to her 18th birthday, at all times relevant herein resided in Ohio County, Kentucky. Andrea is the daughter of the late Madonna Perry.

5. Owensboro Health, Inc., f/k/a Owensboro Medical Health System, Inc., (Owensboro Health) is a duly organized corporation licensed to conduct business in the Commonwealth of Kentucky. Owensboro Health's principle office is located in Owensboro, Daviess County, Kentucky and Owensboro Health's registered agent for service of process is Edward Begley II (Process Agent) 1201 Pleasant Valley Road, Owensboro, Kentucky, 42303.

6. Venue is proper in this Court as the actions complained of herein all occurred in Daviess County, Kentucky.

7. Plaintiffs' claims herein exceed the jurisdictional amount of this Court, $5,000.00.

## Actionable Occurrence

8. On November 6, 2009, Madonna was treated through the emergency room at Owensboro Health in Daviess County, Kentucky, on two separate occasions. On both occasions, she received medical treatment and care, which fell below the acceptable standard of care.

9. During the first admission in the Owensboro Health emergency room on November 6, 2009, Madonna's attending physician was Hobelmann.

10. During the second admission in the Owensboro Health emergency room on November 6, 2009, Madonna's attending physician was Dwyer.

11. During both admissions to the Owensboro Health emergency room on November 6, 2009, Madonna received medical care and treatment from nurses, employees and agents of Owensboro Health who were rendering services to Madonna in the scope and course of their employment and agency with Owensboro Health.

12. During both admissions to the Owensboro Health emergency room on November 6, 2009, Madonna complained of a non-healing surgical wound, fever, nausea, vomiting and diarrhea. She was found to be hypertensive and had an escalated white blood count.

12. Madonna was negligently discharged home from both emergency room admissions at Owensboro Health on November 6, 2009, despite her rapidly deteriorating condition.

13. Madonna's discharge violated the Emergency Medical Treatment and Active Labor Act.

14. After her second discharge from the Owensboro Health emergency room on November 6, 2009, Madonna returned to her home in pain and went to bed suffering through the night and into the next morning.

15. On November 7, 2009, Madonna awoke in pain, took her medicine and went to back to bed. Several hours later Madonna was found dead in her bed.

### Negligence of Owensboro Health

16. Paragraphs 1-15 above are incorporated herein by reference.

17. At all times relevant herein, nurses and professional medical care providers, whose names are not known to Plaintiffs at this time, in treating Madonna, had the duty to exercise the degree of care and skill expected of reasonably competent similar medical care providers under similar circumstances.

18. At the dates and times as described in paragraphs 8-15 above, various nurses and medical care providers are believed to have negligently breached their duty as described above in paragraph number 17 above.

19. The negligence of the Owensboro Health nurses and medical care providers as described above was a significant factor in causing injury and ultimately death, to Madonna.

20. As a result of the injury to and death of Madonna, she suffered greatly prior to her death and her estate incurred medical, burial and funeral expenses.

21. At the date, time and place as described above in paragraphs 8-15, nurses, and medical care providers, whose names are not yet known to Plaintiffs, were acting in the scope and course of their employment for Owensboro Health and the negligence of the aforesaid nurses and medical care providers is therefore imputed to Owensboro Health pursuant to the doctrine of *Respondeat Superior*.

SEE DEMANDS AT THE END OF ALL COUNTS.

### Owensboro Health Violation of EMTALA

22. Paragraphs 1-21 are incorporated herein by reference thereto.

23. At all times relevant herein, Owensboro Health owed a duty as set forth in the Emergency Medical Treatment and Active Labor Act (EMTALA), as codified at 42 US §1395DD.

24. Owensboro Health owed a non-delegable duty under EMTALA and in

providing what would be the minimum standard of care to Madonna, by delivering base care and treatment in accordance with the prevailing professional standards of care for a health care provider or similar providers in light of all relevant and surrounding circumstances. EMTALA and its regulations require Owensboro Health, by and through its agents, apparent agents, servants, and/or employees while acting within the course and scope of their employment to comply with the requirements set forth in said law.

25. Notwithstanding said requirements, Owensboro Health by and through its agents, apparent agents, servants, and/or employees failed to comply by their acts and omissions, including one or more of the following, which are violations of EMTALA:

   A. Failure to establish and/or enforce policies and procedures addressing and assuring compliance;

   B. Failure to perform an appropriate medical screening of Madonna;

   C. Failure to provide appropriate medical treatment required by Madonna;

   D. Failure to provide an appropriate transfer of Madonna;

   E. Discharging Madonna while she manifested a medical condition of sufficient severity such that Owensboro Health' refusal of immediate medical attention and continued treatment was reasonably expected, by any skilled healthcare provider, to result in severe jeopardy and death;

   F. Failing to provide sufficient examination, testing and/or diagnostic evaluation which would have demonstrated Madonna's emergency medical condition.

26. The violations of EMTALA were a substantial factor in causing injury to Madonna, thereby reducing her chance of survival.

## COUNT II – Loss of Consortium

27. All of the allegations in paragraphs 1-26 above are incorporated herein by reference.

28. The negligence of Owensboro Health, as set forth herein above, was a substantial factor in causing Kevin to suffer, and to continue in the future to suffer, loss of consortium, companionship, services and assistance of his wife, Madonna.

## COUNT III – Loss of Parental Consortium

29. All of the allegations in paragraphs 1-28 above are incorporated herein by reference.

30. The negligence of Owensboro Health, as set forth herein above, was a substantial factor in causing ▮▮▮▮▮▮ minor, to suffer, and to continue in the future to suffer, loss of parental consortium, companionship, services and assistance of his mother, Madonna.

## COUNT IV – Loss of Parental Consortium

31. All of the allegations in paragraphs 1-30 are incorporated herein by reference.

32. The negligence of Owensboro Health, as set forth herein above, was a substantial factor in causing Andrea, minor, to suffer, and to continue in the future to suffer, loss of parental consortium, companionship, services and assistance of her mother, Madonna.

WHEREFORE, Plaintiff, Kevin Lee Perry, as Administrator of the Estate of Madonna Perry, demands judgment against the named Defendant for a sum reasonable to compensate the Estate of Madonna Perry for the damages herein alleged which include:

1. Mental and physical pain and suffering;

2. Medical expenses;

3. Funeral and burial expenses; and

Further, Plaintiff, Kevin Lee Perry, individually, demands judgment against the named Defendant for a sum reasonable to compensate him for his loss of consortium, companionship, services and assistance of his wife, Madonna.

Further, Plaintiffs, ▮▮▮▮▮▮ and Andrea Butler, demand judgment against the named Defendant for a sum reasonable to compensate them for their loss of parental consortium, companionship, services and assistances of their mother, Madonna.

Finally, all Plaintiffs herein demand a trial by jury; costs herein expended; any and all other relief to which it may appear to the Court Plaintiffs are entitled.

FOREMAN WATSON HOLTREY, LLP
530 Frederica Street
Owensboro, Kentucky 42301
(270) 689-2412/ (270) 689-2335 (fax)
*Co-Counsel for Plaintiffs*

By _____
Travis L. Holtrey

AND

Darron L. Brawner, Esq.
2645 Frederica Street
Suite 200
Owensboro, KY 42301
(270) 684-4811/ (270) 684-6746 (fax)
*Co-Counsel for Plaintiffs*