| AOC-105 | Doc. Code: CI | | Case No. | 10-CI-1759 |
|---|---|---|---|---|
| Rev. 1-07 | 10/27/2010 01:06 PM | | Court | ✓ Circuit ☐ District |
| Page 1 of 1 | Ver. 1.02 | | County | Daviess |
| Commonwealth of Kentucky | | | | |
| Court of Justice   www.courts.ky.gov | | CIVIL SUMMONS | | |
| CR 4.02; CR Official Form 1 | | | | |

**PLAINTIFF**

Kevin Lee Perry, Administrator of the
Estate of Madonna Perry, deceased

726 W. 4th Street

Beaver Dam            Kentucky         42320

VS.

**DEFENDANT**

Owensboro Medical Health System, Inc.

811 East Parrish Avenue

Owensboro             Kentucky         42303

**Service of Process Agent for Defendant:**
Edward                                Begley                    II

811 East Parrish Avenue

Owensboro                             Kentucky         42303

**THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _October 27_, 2 _010_

SUSAN W. TIERNEY, CIRCUIT CLERK _____ Clerk

By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____

_____ Title

**COMMONWEALTH OF KENTUCKY**
**DAVIESS CIRCUIT COURT**
**DIVISION I**
**ACTION NO: CI - 10-CI-1759**

| | |
|---|---|
| KEVIN LEE PERRY, Individually, and as Administrator of the Estate of MADONNA G. PERRY, Deceased | PLAINTIFF |

v.

CHARLES F. HOBELMANN III, M.D.;                                        DEFENDANT

    Serve by DCSO :        1412 Frederica Street
                                       Owensboro, KY 42301

DAVID A. DWYER, M.D.;                                                          DEFENDANT

    Serve by DCSO:        1412 Frederica Street
                                       Owensboro, KY 42301

EMERGENCY PHYSICIANS GROUP, P.S.C.;                         DEFENDANT

    Serve by U.S. Certified Mail:   James A. Coomes, M.D.
                                                1412 Frederica Street
                                                Owensboro, KY 42301

THOMAS E. SONNANSTINE IV, M.D.;                                    DEFENDANT

    Serve by SCSD:        1138 Lexington Road
                                       Suite 230
                                       Georgetown, KY 40324

CENTRAL KENTUCKY ADVANCED SURGERY                        DEFENDANT
& MEDICINE, P.S.C.,

    Serve by U.S. Certified Mail:   Thomas Sonnanstine
                                                1618 Brandon Drive
                                                Hebron, KY 41048

And

OWENSBORO MEDICAL HEALTH SYSTEM, INC.                 DEFENDANT

    Serve by U.S. Certified Mail:   Edward Begley II (Process Agent)
                                                811 East Parrish Ave.
                                                Owensboro, KY 42303

## COMPLAINT

\*\* \*\* \*\* \*\* \*\*

Comes now Kevin Lee Perry, individually and as Administrator of the Estate of Madonna G. Perry, Deceased, and for his claim for relief herein states as follows:

### COUNT 1

#### Parties, Jurisdiction and Venue

1. By order of the Ohio County District Court, Probate Division, entered on November 13, 2009, Kevin Lee Perry, ("Kevin") is the duly appointed Administrator of the Estate of Madonna G. Perry, Deceased ("Madonna"), who died on November 7, 2009..

2. Kevin and Madonna at all times relevant herein resided in Beaver Dam, Ohio County, Kentucky.

3. Charles F. Hobelmann III, M.D. ("Hobelmann") is a medical doctor who was practicing medicine at the times relevant herein in Owensboro, Daviess County, Kentucky. It is believed that Hobelmann's office address in Owensboro is 1412 Frederica Street, Owensboro, KY 42301.

3. David A. Dwyer, M.D., ("Dwyer") is a medical doctor who was practicing medicine at the times relevant herein in Owensboro, Daviess County, Kentucky. It is believed that Dwyer's office address in Owensboro is 1412 Frederica Street, Owensboro, KY 42301.

4. Emergency Physicians Group, P.S.C., ("EPG") is a duly organized professional service corporation licensed to conduct business in the Commonwealth of Kentucky. EPG's principle office is located in Owensboro, Daviess County, Kentucky and

EPG's registered agent for service of process is James A. Coomes at 1412 Frederica Street, Owensboro, KY 42301.

5. Thomas E. Sonnanstine IV, M.D. ("Sonnanstine") is a medical doctor who was practicing medicine at the times relevant herein in Georgetown, Scott County, Kentucky. It is believed Sonnanstine's office address is 1138 Lexington Road, Suite 230, Georgetown, KY 40324.

6. Central Kentucky Advanced Surgery & Medicine, P.S.C., ("CKASM") is a duly organized professional service corporation licensed to conduct business in the Commonwealth of Kentucky. CKASM's principle office is located in Georgetown, Scott County, Kentucky and CKASM's registered agent for service of process is Thomas Sonnanstine at 1618 Brandon Drive, Hebron, KY 41048.

7. Owensboro Medical Health System, Inc., ("OMHS) is a duly organized corporation licensed to conduct business in the Commonwealth of Kentucky. OMHS's principle office is located in Owensboro, Daviess County, Kentucky and OMHS's registered agent for service of process is Edward Begley II (Process Agent) 811 East Parrish Ave., Owensboro, KY 42303

8. Venue is proper in this Court as the actions complained of herein all occurred in Daviess County, Kentucky.

9. Plaintiff's claims herein exceed the jurisdictional amount of this Court, $4,000.00.

## Actionable Occurrence

10. On November 6, 2009, Madonna was treated through the emergency room at OMHS in Daviess County, Kentucky, on two separate occasions. On both occasions, she received medical treatment and care, which fell below the acceptable standard of care.

11. During the first admission in the OMHS emergency room on November 6, 2009, Madonna's attending physician was Hobelmann.

12. During the second admission in the OMHS emergency room on November 6, 2009, Madonna's attending physician was Dwyer.

13. At all times Hobelmann and Dwyer cared for and treated Madonna, they did so individually and also within the scope and course of their employment with EPG.

14. During both admissions to the OMHS emergency room on November 6, 2009, Madonna received medical care and treatment from nurses, employees and agents of OMHS who were rendering services to Madonna in the scope and course of their employment and agency with OMHS.

15. During Madonna's first admission to the OMHS emergency room on November 6, 2009, Sonnanstine and Hobelmann spoke by telephone to discuss Madonna because Sonnanstine had performed gastric bypass surgery on Madonna on October 28, 2009.

16. When Sonnanstine discussed the medical condition, medical care and treatment of Madonna with Hobelmann, Sonnanstine did so individually and as an employee of CKASM.

17. During both admissions to the OMHS emergency room on November 6, 2009, Madonna complained of a non-healing surgical wound, fever, nausea, vomiting and diarrhea. She was found to be hypertensive and had an escalated white blood count.

18. Madonna was negligently discharged home from both emergency room admissions at OMHS on November 6, 2009, despite her rapidly deteriorating condition.

19. After her second discharge from the OMHS emergency room on November 6, 2009, Madonna returned to her home in pain and went to bed suffering through the night and into the next morning.

20. On November 7, 2009, Madonna awoke in pain, took her medicine and went to back to bed. Several hours later Madonna was found dead in her bed.

### Negligence of Hobelmann, Dwyer and EPG

21. Paragraphs 1-20 above are incorporated herein by reference.

22. At all times relevant herein, Hobelmann and Dwyer, in treating Madonna, had the duty to exercise the degree of care and skill expected of a reasonably competent emergency room physician under similar circumstances.

23. At the dates and times as described in paragraphs 10-20 herein, Hobelmann and Dwyer negligently breached their duty as described above in paragraph number 22.

24. Hobelmann and Dwyer's negligence was a significant factor in causing injury and ultimately death, to Madonna.

25. As a result of the injury to and death of Madonna, she suffered greatly prior to her death and her estate incurred medical, burial and funeral expenses as well.

26. At the date, time and place as described above in paragraphs 10-20, Hobelmann and Dwyer were acting in the scope and course of their employment for EPG and the negligence of the aforesaid Hobelmann and Dwyer is therefore imputed to EPG pursuant to the doctrine of *Respondeat Superior*.

### Negligence of Sonnanstine and CKASM

27. Paragraphs 1-26 above are incorporated herein by reference.

28. At all times relevant herein, Sonnanstine, in treating Madonna, had the duty to exercise the degree of care and skill expected of a reasonably competent surgeon under similar circumstances.

29. At the dates and times as described in paragraphs 10-20 herein, Sonnanstine negligently breached his duty as described above in paragraph number 28 above.

30. Sonnanstine's negligence was a significant factor in causing injury and ultimately death, to Madonna.

31. As a result of the injury to and death of Madonna, she suffered greatly prior to her death and her estate incurred medical, burial and funeral expenses as well.

32. At the date, time and place as described above in paragraphs 10-20, Sonnanstine was acting in the scope and course of his employment for CKASM and the negligence of the aforesaid Sonnanstine is therefore imputed to CKASM pursuant to the doctrine of *Respondeat Superior*.

### Negligence of OMHS

33. Paragraphs 1-32 above are incorporated herein by reference.

34. At all times relevant herein, nurses and professional medical care providers, whose names are not known to Plaintiff at this time, in treating Madonna, had the duty to exercise the degree of care and skill expected of reasonably competent similar medical care providers under similar circumstances.

35. At the dates and times as described in paragraphs 10-20 herein, various nurses and medical care providers are believed to have negligently breached their duty as described above in paragraph number 34 above.

36. The negligence of the OMHS nurses and medical care providers as described above was a significant factor in causing injury and ultimately death, to Madonna.

37. As a result of the injury to and death of Madonna, she suffered greatly prior to her death and her estate incurred medical, burial and funeral expenses as well.

38. At the date, time and place as described above in paragraphs 10-20, nurses, and medical care providers, whose names are not yet known to Plaintiff, were acting in the scope and course of their employment for OMHS and the negligence of the aforesaid nurses and medical care providers is therefore imputed to OMHS pursuant to the doctrine of *Respondeat Superior*.

SEE DEMANDS AT THE END OF ALL COUNTS.

## COUNT II – Loss of Consortium

39. All of the allegations in paragraphs 1 through 38 are incorporated herein by reference.

40. The negligence of Hobelmann, Dwyer, EPG, Sonnanstine, CKASM and OMHS, as set forth herein above, was a substantial factor in causing Kevin to suffer, and to continue in the future to suffer, loss of consortium, companionship, services and assistance of his wife, Madonna.

WHEREFORE, Plaintiff, Kevin Lee Perry, as Administrator of the Estate of Madonna Perry, demands judgment against all the named Defendants, jointly and

severally for a sum reasonable to compensate the Estate of Madonna Perry for the damages herein alleged which include:

1. Mental and physical pain and suffering;
2. Medical expenses; and
3. Funeral and burial expenses.

Further, Plaintiff, Kevin Lee Perry, individually, demands judgment against all the named Defendants, jointly and severally for a sum reasonable to compensate him for his loss of consortium, companionship, services and assistance of his wife, Madonna.

Finally, Plaintiff, Kevin Lee Perry, individually and as Administrator of the Estate of Madonna Perry, demands a trial by jury; his costs herein expended; any and all other relief to which it may appear to the Court Plaintiff is entitled.

Darron L. Brawner, Esq.
Foreman & Watson, LLP
530 Frederica Street
Owensboro, KY  42301

AND

CASLIN, CECIL & HOLTREY
3201 Alvey Park Drive West
P.O. Box 1793
Owensboro, Kentucky 42302-1793
(270) 684-8400 / (270) 684-3859 (fax)

By_____
Travis L. Holtrey
*Co-Counsel for Plaintiff*