Perry. Nurse Bratcher will testify that the deviations from the recognized safe standards of care contributed to the discharge of a critically ill Mrs. Perry.

(c): Grounds for Opinions: Nurse Bratcher's opinions will be based upon her education, training, and experience as a nurse specializing in emergency room medicine. A copy of Nurse Bratcher's Curriculum Vitae is attached hereto as Exhibit three (3).

(4): Timothy J. Ziolkowski, M.D., Emergency Medicine Physician, 11602 Oakland Overlook Trail, Louisville, Kentucky 40291.

(a): Subject Matter of Testimony: Dr. Ziolkowski will testify concerning the medical treatment Madonna Perry received at Owensboro Medical Health System from Dr. Charles Hobelmann and Dr. David Dwyer in which Plaintiffs complained about in this action.

(b): Substance of Facts and Opinions: Dr. Ziolkowski has reviewed this case at the request of Plaintiffs and their counsel. In order to perform his review, Dr. Ziolkowski has been furnished, and has reviewed, the following:

    1. Medical records from Ohio County Hospital;

    2. Medical records from Georgetown Community Hospital;

    3. Medical records from Ohio County EMS;

4. Medical records from Owensboro Medical Health System;

5. Medical records from Susan Matthews, N.P.;

6. Medical records from the office of Dr. Thomas Sonnanstine;

7. Coroner's report;

8. Medical Examiner's report;

9. Photographs from the Medical Examiner's office;

10. Madonna Perry's death certificate;

11. Medical records from the office of Dr. Arthur Anderson;

12. Medical records from the office of Dr. Bernard Buchanan;

13. Medical records from the office of Dr. Brent Bergen;

14. Medical records from the office of Dr. Charles Wong;

15. Medical records from the office of Dr. Gerald Sims;

16. Medical records from the office of Dr. Janna Pathi;

17. Medical records from the office of Dr. Kirk Fee;

18. Medical records from the office of Dr. Krishna Nadar;

19. Medical records from the office of Dr. Mukesh Gupta;

20. Defendant's, OMHS, Answers and Supplemental Answers to Plaintiffs' Interrogatories and Request for Production Of Documents;

21. Defendant's, Dr. David Dwyer, Answers and Supplemental Answers to Plaintiffs' Interrogatories and Request for

Production of Documents;

22. Defendant's, Dr. Charles Hobelmann III, Answers and Supplemental Answers to Plaintiffs' Interrogatories and Request for Production of Documents;

23. Defendant's, Dr. Thomas Sonnanstine, IV, Answers and Supplemental Answers to Plaintiffs' Interrogatories and Request for Production of Documents;

24. Defendant's, Central Kentucky Advanced Surgery and Medicine, Answers and Supplemental Answers to Plaintiffs' Interrogatories and Request for Production of Documents;

25. Defendant's, Emergency Physicians Group, Answers and Supplemental Answers to Plaintiffs' Interrogatories and Request for Production of Documents;

26. Deposition of Kevin Perry;

27. Correspondence from James Triona clarifying Dr. Sonnanstine's discovery responses;

28. Radiology films for Madonna Perry from Owensboro Medical Health System dated November 6, 2009;

29. Deposition of DeAnn Wiggins;

30. Deposition of Renee Wiggington;

31. Deposition of Kelly Gobin;

32. Deposition of Virginia Howard;

33. Deposition of Jennifer Peech;

34. Deposition of Angela Carrico;

35. Deposition of Marjorie Bennett;

36. Deposition of Stacy Onstott;

37. Deposition of Andrea Butler;

38. Deposition of Jamie Whitley;

39. Deposition of Alma Goff;

40. Deposition of Dr. Thomas Sonnanstine;

41. Deposition of Dr. Charles Hobelmann III;

42. Deposition of Dr. David Dwyer.

Dr. Ziolkowski will testify the care Madonna Perry received through the OMHS Emergency Department was incomplete and inadequate which directly led to continued deterioration in her condition resulting in her untimely death. More specifically, he will testify a legal obligation to treat Mrs. Madonna Perry existed and that this was established on all occasions that she presented to the OMHS emergency room seeking care, including her multiple visits on November 6, 2009, and that medical providers as well as the hospital itself are obligated, de juris, to provide care for any patient requesting evaluation and treatment of an emergency medical condition, that Mrs. Perry requested medical care on November 6, 2009 and that she had clear indicates of an emergency medical condition. In addition, Dr. Ziolkowski

26

will testify the care provided by the OMHS emergency room did not meet the acceptable standard of care as Mrs. Perry had numerous findings indicative of the severity of her condition. These should have caused her physician(s) to obtain consultation, inpatient hospitalization and/or surgical care; treatment to the level of which stabilization of her condition, and/or transfer to a facility capable of offering that level of care was not provided; higher/definitive care was available at OMHS; Mrs. Perry continued to have clinical signs and symptoms, as well as diagnostic indications that her condition was not stabilized prior to her discharge from the OMHS emergency room; and in the event that local specialists/surgical care was not obtainable, transfer to a tertiary care facility should have been sought; and was available. Dr. Ziolkowski will further testify the treatment provided was inadequate for Mrs. Perry's condition and the failure to meet the acceptable level of care, and subsequent discharge was a foreseeable cause of her condition worsening, and as a result of not receiving further care, Mrs. Perry's condition worsened ultimately causing her death.

(c): Grounds for Opinions: Dr. Ziolkowski's opinions will be based upon his education, training, and experience as a physician specializing in emergency room medicine. A copy of Dr.

27

Ziolkowski's Curriculum Vitae is attached hereto as Exhibit four (4).

(5): <u>Deidre A. Schluckebier, M.D.</u>, 207 Oriole Drive, Hopkinsville, Kentucky 42240. Plaintiffs did not specifically retain Dr. Schluckebier as an expert witness in this case. However, Dr. Schluckebier is understandably an expert who possesses specialized or scientific knowledge, which may assist the fact finder because she was the Medical Examiner who performed the autopsy on Madonna Perry. Dr. Schluckebier may testify in this case and if she does, she is expected to offer opinions and explanations consistent with the autopsy report, a copy of which is furnished herewith as Exhibit five (5). A copy of Dr. Schluckebier's C.V. is attached as Exhibit six (6).

(6): Susan Matthews, Nurse Practitioner, 1307 N. Main Street, Beaver Dam, Kentucky 42320. Plaintiffs did not specifically retain Nurse Practitioner Susan Matthews as an expert witness in this case. However, Nurse Practitioner Matthews was Madonna Perry's primary care provider and as such she possesses specialized or scientific knowledge which may assist the fact finder in this case. Nurse Practitioner Matthews may testify in this case and if she does she is expected to offer opinions and explanations of treatment consistent with the entries she made in Madonna Perry's chart, a certified copy of

28